# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHARLES A. MCKINNEY,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0895** (BOR Appeal No. 2053790)
            (Claim No. 2018008622)

**WV OFFICES OF THE INSURANCE COMMISSIONER,**
**Commissioner of West Virginia, in its capacity as**
**administrator of the Self-Insured Employers Security Risk Pool**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles A. McKinney, by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability of the claim. In a Corrected Order dated December 27, 2017, the claims administrator rejected the claim. On December 21, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's Corrected Order and deemed the claim to be timely filed and compensable. The Office of Judges also dismissed as moot Mr. McKinney's protest to the claims administrator's October 20, 2017, Order which rejected the claim as untimely filed. This appeal arises from the Board of Review's Order dated August 30, 2019, in which the Board of Review reversed and vacated the decision of the Office of Judges. The Board of Review reinstated the claims administrator's Corrected Order dated December 27, 2017, which rejected the claim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McKinney is a seventy-five--year-old, retired coal miner. On October 12, 2017, he submitted an Employees' and Physicians' Report of Occupational Hearing Loss indicating that he was last exposed to hazardous noise in 1988. He reported on the form that he became aware of his noise-induced hearing loss on January 1, 2015.[1] Zaven Jabourian, M.D., completed the physician's portion of the application and noted that he first informed Mr. McKinney of the diagnosis of noise-induced hearing loss on September 9, 2015. The form indicated that Mr. McKinney had sustained substantial hearing loss with 21.75% impairment.

By Corrected Order dated December 27, 2017, the claims administrator denied Mr. McKinney's application for hearing loss benefits as untimely filed.[2] The claims administrator noted that the application listed a date of last exposure of January 1, 1988, and stated that occupational noise-induced hearing loss does not progress after noise exposure is discontinued. As such, the application should have been filed no later than January 1, 1991, in order to be considered timely filed. Mr. McKinney protested the claims administrator's decision.

In support of his protest, Mr. McKinney testified at deposition on March 5, 2018. He testified that he last worked for Eastern Associated Coal Corporation in 1988. He stated that he was disabled from Charcot-Marie-Tooth disease, a severe balance problem, and a peripheral nervous dysfunction.[3] He testified that there was a great deal of noise on the job from the coal cars and the belt during the loading process. Mr. McKinney testified he performed this activity for approximately twelve years. He was not advised that exposure to noise could cause him to lose his hearing. He testified that his hearing loss was a gradual process before James T. Larsen, M.D., told him that he had significant hearing loss due to noise exposure in 2017. He testified that it was around that same time that Dr. Jabourian told him that he had hearing loss due to noise exposure. Mr. McKinney testified that he was told by his brother-in-law on or about January 1, 2015, that his hearing loss could be related to noise exposure. Outside of the work environment, Mr. McKinney has had no significant exposure to loud noises on a continuous basis. He never served in the military and only hunted a few times per year. He also does not have a history of injury to

---

[1] Records obtained during discovery show that Mr. McKinney was admitted to Raleigh General Hospital on July 8, 2013, for treatment of sepsis. Clinical notes from the hospitalization lists decreased hearing as one of his existing limitations. However, the note does not reflect that such decreased hearing was attributable to noise exposure.

[2] The claims administrator issued an Order dated October 20, 2017, referencing an incorrect date of last exposure.

[3] Charcot-Marie-Tooth disease is a group of inherited disorders that cause nerve damage. This damage is mostly in the arms and legs. Charcot-Marie-Tooth is also called hereditary motor and sensory neuropathy.

his ears. He commenced working with Eastern Associated Coal Corporation in May of 1968. He had worked long enough to retire with a UMWA retirement pension.

Mr. McKinney underwent an independent medical evaluation with David A. Phillips, M.D., with Ear, Nose & Throat Associates of Charleston, Inc. In his report dated June 26, 2018, Dr. Phillips found Mr. McKinney's application to be very problematic. He stated that he believed that if he had experienced the severe degree of hearing loss he measured at the time of his retirement, it would have been clear to both Mr. McKinney and his family that he had hearing difficulty, and he would have pursued an audiological evaluation. Dr. Phillips also indicated that type 2 diabetes, elevated cholesterol and Charcot-Marie-Tooth disease could affect hearing. Dr. Phillips was of the opinion that there were factors other than exposure to noise contributing to Mr. McKinney's hearing loss.

On December 21, 2018, the Office of Judges reversed the decision of the claims administrator and found Mr. McKinney's claim to be compensable. As to the timeliness of the application, the Office of Judges noted that Mr. McKinney stated under oath that he did not associate his hearing loss with his noise exposure until he was told so by Dr. Larson. After considering the totality of the record, the Office of Judges found the claim compensable for occupational hearing loss. Although Mr. McKinney did not file his application for hearing loss within three years from the date of his last exposure to the hazards of noise, pursuant to West Virginia Code § 23-4-15(c), the claim was filed within three years from the date he was told of his occupational hearing loss by a physician.

On August 30, 2019, the Board of Review found the Office of Judges' final analysis and conclusions were clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Board of Review stated that the issue on appeal is whether the claim was timely filed and found that it is undisputed that Mr. McKinney did not file his claim within three years from the date of his last exposure, which was on or about January 1, 1988. The Board of Review found that he reasonably should have known of occupational noise induced hearing loss more than three years prior to the date of filing. In its Order, the Board of Review noted that a medical report from Raleigh General Hospital dated July 8, 2013, indicated that Mr. McKinney had decreased hearing at the time of his examination. The Board of Review also noted that in a report dated June 26, 2018, Dr. Phillips stated that if Mr. McKinney had hearing loss as a result of occupational noise exposure to the extent alleged, it would have been clear to him in 1988 that he suffered impairment to the degree in which medical treatment would have been necessary. Further, Dr. Phillips opined that at seventy-four-years of age with type 2 diabetes and elevated cholesterol, as well as Charcot-Marie-Tooth disease, he has multiple other reasons to have progressive sensorineural haring loss over the thirty years since he ceased working. As such, the Board of Review found that the claim was not timely filed. The final Order of the Office of Judges dated December 21, 2018, was reversed and vacated. The claims administrator's Corrected Order dated December 27, 2017, which rejected the claim, was reinstated.

After review, we agree with the decision of the Board of Review. West Virginia Code § 23-4-15(c) requires that an application for occupational hearing loss benefits be filed with a claims administrator within either (1) three years of the date of last exposure, or (2) three years of the date

on which the claimant was made known of his or her condition or reasonably should have known of his condition. Here, Mr. McKinney last worked and was exposed to occupational noise in 1988. Medical records from 2013 support the fact that he was aware, or should have reasonably known about, his hearing loss at that time. Both dates place the filing of Mr. McKinney's application for benefits outside of the three-year window established by the statute. The Board of Review weighed these factors in finding that the claims administrator properly found that the claim was not timely filed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

4